I<small>N THE</small> U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small>
E<small>ASTERN</small> D<small>ISTRICT OF</small> M<small>ISSOURI</small>, E<small>ASTERN</small> D<small>IVISION</small>

| | |
|---|---|
| **JULIE A. SU,**<br>**ACTING SECRETARY OF LABOR,**<br>**UNITED STATES DEPARTMENT**<br>**OF LABOR,**<br><br>　　　　　　　　　　*Plaintiff,*<br><br>　　v.<br><br>**MISSOURI VEGETABLE FARM, LLC, and**<br>**BENJY PROFFER and ROBERT PROFFER,**<br>**individually,**<br><br>　　　　　　　　　　*Defendants*. | Civil Action No. 4:24-cv-21<br><br>**C**ONSENT **O**RDER AND **J**UDGMENT |

## CONSENT ORDER AND JUDGMENT

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), has filed a *Complaint* under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201, *et seq.*) ("FLSA"), against Defendants Missouri Vegetable Farm, LLC ("MO Veg"), and Benjy Proffer and Robert Proffer, individually, (collectively "Defendants") have appeared by counsel, and waive any defenses which they may have, and agree to the entry of this *Consent Order and Judgment* without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

The Acting Secretary admits that, during the course of their investigation, the Wage and Hour Division determined certain of Defendants' employees to be FLSA exempt.

Upon motion of attorneys for the Acting Secretary and Defendants and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to Section 217 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 207, 215(a)(2), and 215(a)(3) of the FLSA, in any of the following manners:

1.  Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees, including but not limited to, any of their covered employees working at Missouri Vegetable Farm, LLC, or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed; provided, however, that Defendants are not required to pay overtime rates of pay to its employees who are appropriately determined to be FLSA exempt.

2.  Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them

including, but not limited to, any of their employees working at Missouri Vegetable Farm, LLC, or at any covered business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Acting Secretary.

    3.    Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their employees, whether or not directly employed by Defendants, because the employee engages in any of the following activities:

    a.    Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

    b.    Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship;

    c.    Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

    FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to Section 216(c) of the Act, in favor of the Acting Secretary and against Defendants in the total amount of **$394,159.47**.

4.	The Acting Secretary shall recover from Defendants the sum of $394,159.47 in unpaid overtime compensation and liquidated damages covering the period from May 1, 2021, through December 15, 2021, for Defendants' current and former employees whose names are listed in the *Exhibit A* of the *Complaint*.

a.	Within forty-five (45) days of entry of this *Consent Order and Judgment*, Defendants shall deliver payment in the amount of **$394,159.47** using WHD Case No. 1945951, by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region";

b.	Defendants shall also furnish to the Acting Secretary the full name, last-known address, last-known phone number, and social security number for each employee named in *Exhibit A* of the *Complaint*.

c.	Upon receipt of full payment from Defendants, representatives of the Acting Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security ("FICA") tax from FLSA back wages, but not liquidated damages, to the employees or their legal representative as their interests may appear, in accordance with the provisions of Section 216(c) of the FLSA. Defendants remain responsible for the employer's share of FICA arising from or related to the back wages distributed by the Acting Secretary who shall provide Defendants with sufficient information to accurately pay their share of FICA in accordance with applicable withholding requirements under federal and state law. The Acting Secretary acknowledges, absent an explicit request, Defendants are generally not required to pay FICA or federal taxes associated with H-2A visa holders.

      d.      Neither Defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this *Consent Order and Judgment*. Any such amount shall be immediately paid to the Acting Secretary for deposit as above, and Defendants shall have no further obligations with respect to such returned monies.

      e.      Any monies not disbursed by the Department of Labor after three (3) years from the date of payment by Defendants, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to Section 216(c) of the FLSA.

      f.      The provisions of this *Consent Order and Judgment* shall not in any way affect any legal right of any individual not named on *Exhibit A* to the *Complaint*, nor shall the provisions in any way affect any legal right of any individual named on *Exhibit A* to the *Complaint* to file any action against Defendants for any violations alleged to have occurred outside the relevant period or any action which could not been brought under the FLSA.

      5.      By entering into this *Consent Order and Judgment*, the Acting Secretary does not waive their right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each Party shall bear their own costs, fees and other expenses incurred by such Party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 12th day of March, 2024.

                                                             */s/ John A. Ross*
                                                              John A. Ross,
                                                              United States District Judge